(No. 84-CC-1275

CITY OF CHICAGO, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 21, 1984.*

JAMES D. MONTGOMERY and EDWARD T. MCAULIFFE, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause comes on to be heard on stipulation of the Respondent to pay the Claimant's claim of $10,872.96 notwithstanding the fact that sufficient appropriated funds were not available at the end of Fiscal Year 1983 to pay this claim.

Respondent urges us that this expenditure "was expressly authorized by law" and therefore not subject to the ordinary restriction that public monies must be appropriated by the General Assembly in order to be expended.

The "expressly authorized by law" concept has its genesis in the opinion of the Supreme Court of Illinois in the case of *Fergus v. Brady* (1917), 277 Ill. 273. And following that opinion, this Court has made numerous awards on the basis that they "were expressly authorized by law." See *Rock Island County v. State* (1973), 28 Ill. Ct. Cl. 337, and *Clavey v. State* (1973), 29 Ill. Ct. Cl. 21.

Unlike the prior cases, the instant case arises because the General Assembly legislated that the funds previously appropriated be reduced through a device known as "contingency reserves." This authorization is contained in the Emergency Budget Act (P.A. 82-1038, approved December 1982).

The Act withstood vigorous constitutional attack by a divided Supreme Court of Illinois in *Warrior v. Thompson* (1983), 96 Ill. 2d 1, 449 N.E.2d 53.

The specific legislative intent (*i.e.* to "reserve"

appropriations) being easily ascertainable, this Court has no alternative but to deny the claim.

It is therefore ordered that the claim be dismissed, with prejudice.